Filed 10/4/23  P. v. Norris CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B323586 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA154618) |
| v. | |
| ANTHONY NORRIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura Walton, Judge.  Affirmed.

Edward Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance, for Plaintiff and Respondent.

————————————————

Anthony Norris appeals from a judgment of conviction entered after a jury found him guilty of first degree murder and conspiracy to commit murder. Norris's appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asking us to independently review the record. Having done so, we discern no reversible error and affirm the judgment.

A second amended information charged Norris with murder (Pen. Code, §§ 187, subd. (a), 189, subd. (a); count 1) and conspiracy to commit murder (Pen. Code, § 182, subd. (a)(1), count 2). As to count 1, the information also alleged that Norris personally used a firearm in the commission of the charged offense, within the meaning of Penal Code section 12022.5, subdivision (a). As to count 2, the information alleged 11 different overt acts committed by Norris for purposes of carrying out the objectives and purposes of the conspiracy.

The information also alleged five aggravating circumstances for both counts: (1) the offenses involved great violence, great bodily harm, threat of great bodily harm, and other acts disclosing a high degree of cruelty, viciousness, and callousness (Cal. Rules of Court, rule 4.421(a)(1));[1] (2) Norris was armed with and used a weapon at the time of commission of the above offenses (rule 4.421(a)(2)); (3) Norris has been convicted of crimes for which consecutive sentences could be imposed but for which concurrent sentences are being imposed (rule 4.421(a)(7)); (4) the manner in which Norris carried out the offenses indicates planning, sophistication, and professionalism (rule 4.421(a)(8)); and (5) Norris engaged in violent conduct in committing the offenses that indicates a serious danger to society (rule 4.421(b)(1)).

---

[1]     All rule citations are to the California Rules of Court.

2

The matter proceeded to a jury trial.[2]  The evidence established that on December 7, 2020, Kemeo Boyette was standing outside an apartment complex when a car pulled up and stopped.  Two men exited the car with guns.  They fired several rounds, one of which struck Boyette in his stomach, ultimately causing his death.  Before being transported to the hospital, Boyette told a police officer that the vehicle involved was a gold Nissan sedan.  A nearby surveillance camera captured the incident.  The recording showed two vehicles, a gold Nissan and a blue Fiat, passing Boyette's location three times before stopping in front of the apartment complex.

In January 2021, a police officer spoke with Norris while he sat in the front passenger seat of a parked Honda.  A blue Fiat was parked nearby.  Norris told the officer that he owned the blue Fiat, and his statement was recorded on the officer's body camera and played for the jury.

Corey McClendon is Norris's cousin and was originally a codefendant in the case.  He testified at trial pursuant to a

---

[2]     In October 2021, before trial, Norris filed a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.  The trial court heard and denied the motion.  Subsequently, in February 2022, the public defender declared a conflict of interest and was relieved.  The trial court then appointed a bar panel attorney to represent Norris.

In April 2022, Norris's new attorney filed a motion to set aside the information under Penal Code section 995, on the basis that the only evidence against Norris was obtained through a *Perkins* operation involving codefendant Corey McClendon. (*Illinois v. Perkins* (1990) 496 U.S. 292.)  Although it is unclear from the record when the trial court denied the motion, the matter proceeded to trial on all counts against Norris in the information.

leniency agreement.

Norris and McClendon were members of the Athens Park Bloods street gang. McClendon testified that on December 7, 2020, in celebration of "hood day," he, Norris, another gang member named Boheart Wilkens, and others were "chilling" at Athens Park and waiting to go to a party. After spending some time at the park, McClendon, Norris, and Wilkens got into McClendon's "beige, gold Nissan" to go to the party. McClendon was the driver. Wilkens was giving McClendon directions to the party, which included several U-turns, when he told McClendon to stop in front of an apartment building. Wilkens and Norris jumped out of the car, fired shots, then got back into the car and McClendon drove away. Another individual, "Popo," who had also been at the park and was following them to the party, was driving the blue Fiat. The Fiat followed the Nissan from the park, until it stopped ahead of the Nissan at the site of the shooting. Through expert testimony regarding Norris's cell phone's location data, the prosecution showed that Norris's cell phone was in Athens Park just before the shooting, was turned off for about an hour, and then was turned on just east of the crime scene and Athens Park. McClendon testified that the location of the shooting was at the "borderline" between the Athens Park Bloods and East Coast Crips territories.

At trial, the prosecution played a recording of a conversation between McClendon and a confidential informant, recorded while the two were in a holding cell after McClendon's arrest. The recording established that McClendon's trial testimony was consistent with some of his pre-plea statements. Norris did not testify.

In July 2022, the jury found Norris guilty of first degree

murder. The jury also found true that Norris personally used a firearm within the meaning of Penal Code section 12022.5, subdivision (a). Additionally, the jury found Norris guilty of conspiracy to commit murder and that he had committed at least one of the alleged overt acts in the conspiracy count.

Norris waived a jury trial on the aggravating circumstances and elected to proceed with a bench trial. The trial court found Norris had served a prior prison term. The court denied Norris's oral motion for a new trial.

The trial court sentenced Norris to an indeterminate term of 35 years to life, consisting of 25 years to life for the murder and a 10-year high term for the firearm enhancement alleged in count 1. The court stayed the sentence on count 2 under Penal Code section 654. The court imposed a $300 victim restitution fine, a $300 parole revocation fine, a $30 criminal conviction fee, and a $40 court security fee. It further ordered Norris to pay $7,500 to the Victim Compensation Board and $870.25 in direct victim restitution, both with 10 percent interest.

This appeal timely followed. Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436. We directed appellant's counsel to send Norris the record and a copy of the opening brief, and we advised that within 30 days of the date of the notice, Norris could submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments he wished this court to consider. Appellate counsel also submitted a declaration stating that he had informed Norris of his right to file a supplemental brief and had sent Norris the appellate record. Norris did not submit a supplemental brief.

5

We have independently examined the record submitted on appeal and are satisfied no arguable issues exist and Norris's attorney has complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.